# UNITED STATES DISTRICT COURT

for the

### EASTERN DISTRICT OF NEW YORK

_____

ORIENTAL AIR TRANSPORT SERVICE INC.,          Case No.: _____

                 Plaintiff,

       -against-                                                 JURY TRIAL:   NO

TENKO PRODUCTS INC., and PINNACLE BRANDS, LLC.,

                 Defendants.

_____

## COMPLAINT FOR A CIVIL CASE ALLEGING THAT THE DEFENDANTS OWES PLAINTIFF A SUM OF MONEY

(28 U.S.C. § 1332; Diversity of Citizenship)

### STATEMENT OF THE CASE

1. Plaintiff, by its attorneys brings this lawsuit on behalf of Oriental Air Transport Service Inc., ("Oriental") against Tenko Products Inc. ("Tenko") and Pinnacle Brands, LLC ("Pinnacle") for collection of charges for freight shipping and freight forwarding services rendered by Oriental on behalf of Tenko and Pinnacle. As set forth below, Tenko and Pinnacle have not paid for the freight shipping and freight forwarding services rendered by Oriental and therefore the defendants have been unjustly enriched under Federal and State Law.

### PARTIES AND JURISDICTION

2. Oriental is a New York Corporation with its principal place of business located at 175-41 148th Road, Jamaica, New York 11434.

1

3. Upon information and belief, Tenko is a New Jersey Corporation with its headquarters located at 201 Route 17, Suite 603, Rutherford, New Jersey. Upon information and belief Tenko is co-owned by father and son, Nick and Jeff Kurani, respectively.

4. Upon information and belief, Pinnacle is a New Jersey Domestic Limited Liability Company with its headquarters located at 301 Route 17 North, Suite 800, Rutherford, New Jersey.

## Subject Jurisdiction and Venue

5. This Court has diversity jurisdiction pursuant to Title 28, Section 1332 of the United States Code (28 U.S.C. § 1332(a)). The amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship between the parties. The transactions that gave rise to this action took place within the Eastern District of New York.

## COUNT I: UNJUST ENRICHMENT

6. Oriental re-alleges each and every allegation in the preceding paragraphs.

7. The defendant Tenko owes the plaintiff $469,437.23. The plaintiff sent the defendant Tenko a statement of the account listing the transactions over a certain period (April 6, 2022, to July 24, 2023) copy of which is annexed hereto as Exhibit A.

8. The defendant Pinnacle owes the plaintiff $770,237.03. The plaintiff sent the defendant Pinnacle a statement of account listing the transactions over a certain period) April 1, 2022, to September 1, 2023) a copy of which is annexed hereto as Exhibit B.

9. The acts complained of above constitute unjust enrichment of defendant Tenko and defendant Pinnacle in violation of the common law of the State of New York.

**WHEREFORE**, plaintiff demands a trial and requests that the Court enter judgment as follows:

(a) Entering judgment against Tenko in the amount of $469,437.23;

(b) Awarding pre-judgment interest and costs against Tenko;

(c) Awarding attorney's fees to Oriental against Tenko pursuant to 35 USC § 285;

(d) Entering judgment against Pinnacle in the amount of $770,237.03;

(e) Awarding pre-judgment interest and costs against Pinnacle;

(f) Awarding attorney's fees to Oriental against Pinnacle pursuant to 35 USC § 285;

(g) Grant Oriental such other and further relief, at law or equity, to which Oriental is justly entitled to.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge and information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation; (2) is supported by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specified so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

                                    *Christopher Joslin*
                                    Christopher S. Joslin, Esq. (3246)

DAVID HOROWITZ, P.C.
Christopher S. Joslin
171 Madison Avenue, Suite 1300
New York, New York
(212) 684-3630
cjoslin@davidhorowitzpc.com